STATE ex rel. PATRICK MEEHAN and Another v. DISTRICT COURT OF RED LAKE COUNTY and Another.[1]

May 10, 1901.

Nos. 12,482—(18).

Certiorari—Taxes.

Certiorari to the district court for Red Lake county and Honorable William Watts, a judge thereof, to review a judgment entered in said court against relators in proceedings to collect delinquent personal property taxes. Judgment affirmed.

*Henry W. Lee,* for relators.

*F. A. Grady,* County Attorney, for respondents.

PER CURIAM.

In proceedings for the collection of taxes levied in the year 1898, defendants interposed an answer, alleging the sum of $747.-53, which had been levied against them for personal property taxes for that year, was an unjust, partial, and unfair assessment; that the property was not assessed at its true value; that the rate of the assessment was fraudulently fixed by a conspiracy between the different assessors to assess lumbermen at a higher rate than other interests; that the property had originally been assessed at $6,418; that the board of review for the city of Thief River Falls illegally raised the assessment from that amount to the sum of $22,322, without any notice to defendants; that thereafter the county board of equalization for Red Lake county reduced the assessment to the sum of $16,904, and that subsequently the state board of equalization increased the amount to $16,989; further, that defendants had been doubly assessed upon a steamboat, certain wagons, and other property, which, contrary to law, was assessed in both the town of Thief River Falls and in Beltrami

[1] Reported in 85 N. W. 1135.

county, and that defendants had paid the taxes upon the property so assessed in Beltrami county. The trial court found as a fact that the sum of $16,989, as arrived at by the state board of equalization, was an unfair and unequal assessment, and that the amount of such assessment should have been $7,109, and no more, and as a conclusion of law found that the tax levied for that year should be reduced from the sum of $747.53 to the sum of $371.66, and ordered judgment accordingly.

It was immaterial that a part of the property was assessed in another county, and it was no defense that relators had paid such tax in that county, inasmuch as it appears from the evidence that the property was subject to taxation in Red Lake county. The allegation that the assessors had entered into a conspiracy to assess lumbermen at a higher rate than other property owners was immaterial, and it was immaterial that the various boards of review refused to reduce the amount of the assessment, and that relators had no notice thereof. There was essentially only one question for the court to pass upon, and that was, what was the assessable value of the property at the time the tax was levied? An examination of the record shows that the finding of the trial court is amply supported by the evidence.

Judgment affirmed.